# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DEMETRIUS GATLING,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action |
| : | No. 5:10-cv-55 (CAR) |
| **SHANE ROLAND, JESSIE MINCEY, and** : | |
| **RICHARD MARSHALL BOAN,** : | |
| : | |
| Defendants. : | |
| : | |

## ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 and under Georgia law against three Middle Georgia College Police Officers – Defendants Shane Roland, Jessie Mincey, and Richard Marshall Boan. Plaintiff's claims arise from a search and arrest conducted on February 8, 2008. He contends in his Complaint that the three officers searched him and arrested him without probable cause, and that they sought to justify their search and arrest with false evidence.

Defendants have filed a Partial Motion to Dismiss. In their motion, Defendants ask the Court to dismiss Plaintiff's state law claims and Section 1983 official-capacity claims against Roland, Mincey, and Boan, and to dismiss Plaintiff's Section 1983 individual-capacity claims against Roland and Boan. Defendants have not moved to dismiss individual-capacity claims against Mincey.

For the reasons set forth below, Defendants' Partial Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part**. Defendants' Motion is granted as to: (1) all claims against Defendants in their official capacity; (2) all state law claims; (3) any claims related to the search of the vehicle; and (4) claims against Boan for failure to intervene. Defendants' Motion is denied as to Plaintiff's Section 1983 claims against Roland for false arrest, unreasonable search,

1

failure to intervene, and malicious prosecution and as to Plaintiff's Section 1983 claims against Boan for malicious prosecution and for obtaining a search warrant based on false evidence.

## FACTUAL ALLEGATIONS

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pled allegations set forth in the complaint as true and construes facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam).

In his Complaint, Plaintiff contends that the three officers knowingly and intentionally searched, arrested, and prosecuted him without probable cause, based on false representations as to the evidence. The Complaint alleges that Officer Mincey first encountered Plaintiff at around 11:30 p.m on February 8, 2008, during a routine patrol of the Middle Georgia College campus. Plaintiff was sitting in the passenger seat of a parked car, sharing a "Black and Mild" cigar with four friends. Mincey first approached and spoke with the occupant of the drivers's seat, then walked around the car to the passenger side. He opened the door to the front passenger seat where Plaintiff was sitting and demanded that Plaintiff exit the vehicle and place his hands on top of the car. Plaintiff did as instructed and Mincey conducted a search of Plaintiff's person.

Mincey claimed that he observed ashes from burned marijuana on the floorboard of the car and stated that he observed Plaintiff consuming a "moist green leafy substance." Complaint ¶ 32. Plaintiff contends that these claims were false and that Mincey knew they were false. In the course of his search, Mincey ordered Plaintiff to open his mouth. Plaintiff refused. Mincey responded by threatening to use his taser. After being threatened Plaintiff opened his mouth, and Mincey placed first his finger, then a flashlight, into Plaintiff's mouth. Mincey did not find any "moist green leafy substance" or other substance in Plaintiff's mouth.

Around the time that Mincey was searching Plaintiff, Officer Roland arrived at the scene and participated in the search of Plaintiff. Complaint ¶ 45. Plaintiff contends that Roland joined Mincey in making the false claim that he observed a "green leafy substance" in Plaintiff's mouth and added that he smelled the odor of burnt marijuana coming from the Pontiac. Complaint ¶ 47, 48. At some time subsequent to Roland's arrival, Officer Boan arrived and "assisted" in the "search and detention" of Plaintiff. Complaint ¶ 67. The Complaint does not specify when Boan arrived or how he participated in the search and detention.

Mincey then arrested Plaintiff and transported Plaintiff to the police station. At the station, Mincey issued a citation for possession of marijuana and added an additional charge of obstruction of a law enforcement officer, based on the claim that Plaintiff had bitten Mincey. Plaintiff contends that this claim was also false.

On February 11, 2008, Boan applied for and obtained a search warrant to conduct a drug test on Plaintiff. The warrant application was supported by an affidavit based primarily on the statements of Mincey and Roland. Pursuant to the search warrant, Plaintiff gave two vials of blood, which tested negative as to all substances, including marijuana. On March 19, 2008, all charges against Plaintiff were dropped.

On February 8, 2010, Plaintiff filed the Complaint that initiated this action. His Complaint sets forth five substantive counts:

Count I, against Mincey and Roland, alleging search and seizure of Plaintiff's person without probable cause and in violation of the Fourth Amendment;

Count II, against Roland and Boan, alleging failure to intervene and stop Mincey from detaining, searching, and arresting Plaintiff without probable cause and in violation of the Fourth Amendment;

> Count III, against Boan, alleging an illegal search based upon a search warrant obtained through false testimony, in violation of the Fourth Amendment;
>
> Count IV, against all Defendants, alleging the knowing and willful prosecution of Plaintiff without probable cause, in violation of the Fourth Amendment; and
>
> Count V, against all Defendants, alleging malicious prosecution and false imprisonment under state law.

In addition to the substantive counts, Plaintiff brings three separate counts for recovery of attorney's fees and punitive damages, two under state law and one under 42 U.S.C. § 1988.

## DISCUSSION

### A. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ US ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must therefore "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at ___, 129 S. Ct. at 1949. A complaint need not have detailed factual allegations to survive a motion to dismiss, but the facts provided must be more than conclusions and must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In response to Plaintiff's Section 1983 claims, Defendants have pled the affirmative defense of qualified immunity. Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted).

4

While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss. Williams v. Ala. State. Univ., 102 F.3d 1179, 1182 (11th Cir. 1997). The motion will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." Id. In § 1983 actions where government officials sued in their individual capacities have raised the defense of qualified immunity, as in this case, the Eleventh Circuit has recently held that the claims must "comply with the standards described in Iqbal," and are therefore not subjected to a "heightened pleading standard." Randall v. Scott, ___ F.3d ___, 2010 WL 2595585, *7 (11th Cir. 2010).

**B.     Substantive Claims in the Complaint**

   1.     Overview of claims

The Complaint sets forth sufficient factual allegations to state plausible claims against Mincey and Roland in Count I, against Roland in Count II, against Boan in Count III, and against all three Defendants in Count IV. Counts I and II are related to the search of Plaintiff on the scene at the Middle Georgia College campus and his subsequent arrest. Count III is related to the search warrant that was obtained to authorize the seizure of blood for a blood test. Count IV is related to the continuing prosecution of Plaintiff on charges of possession of marijuana. Each of these claims arises from the Fourth Amendment's prohibition of unreasonable searches and seizures, and for each claim the central issue is the existence of probable cause.

In analyzing search and seizure cases, courts have identified three categories of encounters between police and citizens. The first category includes "police-citizen exchanges involving no coercion or detention." Miller v. Harget, 458 F.3d 1251, 1257 (11th Cir. 2006). Such encounters do not implicate Fourth Amendment scrutiny. Id. The second category includes "brief seizures or investigatory detentions." Id. To initiate an investigatory detention – commonly known as a "Terry

5

stop," after Terry v. Ohio, 392 U.S. 1 (1968) – an officer must have "a reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity." United States v. White, 593 F.3d 1199, 1202 (11th Cir. 2010). The third category includes "full-scale arrests." Miller, 458 F.3d at 1257. "[W]hen the totality of circumstances indicate that an encounter has become too intrusive to be classified as a brief seizure, the encounter is an arrest and probable cause is required." United States v. Espinosa-Garza, 805 F.2d 1502, 1506 (11th Cir. 1986).

The encounter between Plaintiff and the three officers on the Middle Georgia College campus went through all three categories. It began with a simple police-citizen exchange, when Officer Mincey approached the parked car and began to speak with the driver. It became a Terry stop when Mincey ordered Plaintiff to get out of the car and place his hands on the roof. It became a full-scale search and arrest when Mincey placed his finger and then his flashlight into Plaintiff's mouth and finally transported Plaintiff to the police station. When Mincey stuck a finger into Plaintiff's mouth, the encounter became more intrusive than a typical Terry stop. In a Terry stop, the scope of any bodily search is generally limited to a pat-down to check for weapons. See Terry, 392 U.S. at 26 (pat-down search pursuant to reasonable suspicion "must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby, and may realistically be characterized as something less than a 'full' search, even though it remains a serious intrusion.").

The allegations of the Complaint, accepted as true, support a claim that there was no reasonable suspicion or probable cause Plaintiff was engaged in illegal activity. The Complaint first alleges that Plaintiff and his friends were sitting in the car sharing a common cigar and were not in fact engaged in any illegal activity. According to the Complaint, Mincey falsely claimed he saw

6

marijuana ashes on the floor of the vehicle and observed Plaintiff placing a "moist green leafy substance" in his mouth. Roland later added the false claim that he smelled the odor of marijuana coming from the car. If these statements were false, there was neither reasonable suspicion to detain nor probable cause to search and arrest Plaintiff.

Although this case will ultimately come down to the relative credibility of the Plaintiff and the officers, the claims of the Complaint are at least plausible. The Complaint indicates that the charges against Plaintiff were dropped soon after his arrest. A blood test shortly after Plaintiff's arrest returned a negative result for the presence of marijuana. No traces of marijuana ash were recovered from the car and no moist, green, leafy substance was found in Plaintiff's mouth. The complete absence of any trace of marijuana on the scene or in Plaintiff's blood supports Plaintiff's allegation that there was no odor of marijuana, no marijuana ash, no leafy green substance, no reasonable suspicion, and no probable cause.

Qualified immunity will not protect Defendants if it is shown that they based their search and arrest on false claims of probable cause. It is clearly established law that "falsifying facts to establish probable cause is patently unconstitutional." Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004).

2. Count I

In Count I, the Complaint alleges that Defendants Mincey and Roland searched and arrested Plaintiff without probable cause. Defendants have moved to dismiss any claims against Roland in Count I. The motion must be denied, as Count I sets forth sufficient factual allegations to state a claim against both Mincey and Roland. The Complaint alleges that Roland was present during the search of Plaintiff and participated in the search. Most importantly, the Complaint alleges that Roland assisted Mincey in fabricating probable cause for the search and arrest by knowingly making

7

the false representations that he observed a green, leafy substance in Plaintiff's mouth and that he smelled the odor of marijuana coming from the car. As noted above, it is clearly established that falsifying facts to establish probable cause is a violation of the Fourth Amendment.

To the extent that the Complaint may be construed to assert a claim related to the search of the car, it fails to state a claim upon which relief may be granted. Plaintiff alleges that he was sitting in the front passenger seat and that Defendants searched the "vehicle he occupied." Complaint ¶ 85. He has not asserted a property or possessory interest in the car, and as a mere passenger he has no legitimate expectation of privacy in the car's interior. See United States v. Lee, 586 F.3d 859, 864-65 (11th Cir. 2009). In the absence of a legitimate expectation of privacy, Plaintiff lacks standing to assert a Fourth Amendment claim against Roland and Mincey for the search of the car. See Lenz v. Winburn, 51 F.3d 1540, 1549-50 (11th Cir. 1995). Any claims related to the search of the car are therefore **DISMISSED**. Otherwise, the Motion to Dismiss the claim against Roland in Count I is **DENIED**.

3. Count II

In Count II, Plaintiff claims that both Boan and Roland failed to intervene and protect Plaintiff once it became clear that Mincey had executed a search and detention without probable cause or reasonable articulable suspicion. The Complaint sets forth sufficient facts to state a claim for failure to intervene against Roland, but fails to state a claim against Boan.

The Complaint fails to state a claim against Boan because the facts as alleged do not indicate that Boan was in a position to intervene and prevent Mincey from performing the search and arrest. The Eleventh Circuit has recognized that a law enforcement officer may be held directly liable under Section 1983 for failing to intervene when another officer is committing a constitutional violation. Ensley v. Soper, 142 F.2d 1402, 1407 (11th Cir. 1998). To be held liable, an officer must be in a

"position to intervene," with the opportunity to observe the violation and to prevent it from happening. Hadley v. Gutierrez, 526 F.3d 1324 (11th Cir. 2008).

Nothing in the Complaint indicates that Boan was in a position to intervene and prevent or stop the search performed by Mincey. The Complaint contains no allegations as to Boan's behavior during the search or arrest of Plaintiff and fails to indicate that Officer Boan was even present at the time of the search. The Complaint states that Boan "subsequently arrived on the scene" and "ratified Mincey's and Roland's illegal conduct." Complaint ¶¶ 64, 65. An officer who arrives subsequent to a search is in no position to intervene and stop the search. There is no direct liability for an officer who "ratifies" the conduct of others after the fact. As to Boan's participation in the search, therefore, the conclusory allegations of the Complaint do not contain factual matter sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Accordingly, the claim against Boan in Count II is **DISMISSED**.

The facts alleged in the Complaint are sufficient, however, to indicate that Roland was in a position to intervene. The Complaint alleges that Roland was present during the search of Plaintiff and participated in the search. The Complaint also alleges facts that show Roland was aware that Mincey was conducting a search without probable cause, given the allegations that Roland himself made false representations to support the search. As such, Roland was in a position to observe the alleged violation and to stop it from happening. The motion to dismiss Count II is therefore **DENIED**, as it applies to Roland.

4. Count III

In Count III, Plaintiff alleges that Boan conducted an unconstitutional search of Plaintiff by obtaining a search warrant based on false testimony. An officer may obtain a search warrant when there is probable cause. United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1992).

9

Probable cause to support a search warrant exists when the affidavit states facts that "justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). It is clearly established, however, that the Constitution prohibits a police officer from knowingly making false statements to establish probable cause in a supporting affidavit. See Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999).

The allegations in the Complaint are sufficient to state a claim to relief that is plausible on its face. The Complaint alleges that Mincey justified his search of Plaintiff with the false assertions that he observed Plaintiff attempting to consume a "moist green leafy substance" and that he observed marijuana ashes on the floorboard of the car. The Complaint further alleges that Roland knowingly ratified and supported Mincey's false statements with the additional false statement that he noted an odor of marijuana coming from the vehicle. It is at least plausible that these statements were false, given the alleged fact that no trace of marijuana or any other illegal substance was found in the car, in Plaintiff's mouth, or in his bloodstream. Moreover, it is at least plausible that Boan knew these statements were false, given that he arrived on the scene during or shortly after the search and was able to observe for himself whether there was an odor of marijuana or any traces of apparent marijuana in the car or in any other place. Because it is clearly established that an officer may not make an application for a warrant based on false statements, qualified immunity is not a defense to the allegations in Count III. See Jones, 174 F.3d at 1285. Accordingly, the motion to dismiss Count III is **DENIED**.

5. Count IV

In Count IV, Plaintiff also claims that all Defendants violated his Fourteenth Amendment right against malicious prosecution. Defendants have moved to dismiss the claims in Count IV

against Roland and Boan. Because the Complaint contains sufficient factual allegations to state a plausible claim against all three Defendants for malicious prosecution under Section 1983, the claims against Roland and Boan cannot be dismissed at this stage of the proceedings.

For this claim, as for the others, the central issue is the existence of probable cause. To establish a Section 1983 malicious prosecution claim, a plaintiff must show the following: "(1) a criminal prosecution instituted or continued by the present defendant, (2) with malice and without probable cause, (3) that terminated in the plaintiff accused's favor, and (4) caused damage to the plaintiff accused." Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008). The facts alleged in the Complaint set forth a plausible claim that Roland and Boan, with Mincey, instituted and continued a criminal prosecution against Plaintiff with the knowledge that there was no probable cause to support the charges. The Complaint alleges that Mincey and Roland arrested and detained Plaintiff based on knowingly falsified representations about the evidence and that Boan sought a search warrant to obtain Plaintiff's blood with knowledge that these representations were false. Malice can be inferred from the alleged falsification of evidence. The prosecution terminated in Plaintiff's favor when a magistrate judge dismissed the charges for lack of probable cause. These allegations are sufficient to state a claim for malicious prosecution that rises above the speculative level.

    6.    <u>Counts V, VII, and VIII</u>

Counts V, VII, and VIII allege state law claims for malicious prosecution, attorney's fees, and punitive damages. Plaintiff concedes in his Response brief that his state law claims are barred by controlling law, and he agrees that his state law claims should be dismissed. <u>See</u> Pl.'s Resp. 13. As Defendant explains, the Eleventh Amendment, the doctrine of sovereign immunity, and the Georgia Tort Claims Act prevent Plaintiff from pursuing his state law claims in federal court. Accordingly, Counts V, VII, and VIII are hereby **DISMISSED**.

7. <u>Official capacity claims</u>

The Complaint does not assert claims against any of the Defendants in their official capacities, and Plaintiff concedes in his Response brief that he makes no claim against Defendants in their official capacities. <u>See</u> Pl.'s Resp.8, n.3 (Doc. 22).

## CONCLUSION

Defendant's Partial Motion to Dismiss is hereby **GRANTED in part and DENIED in part**. Counts V, VII, and VIII are dismissed in their entirety. Count I is dismissed as to any claims related to the search of the vehicle, but may proceed as to all other claims against Defendants Mincey and Roland. Count II is dismissed as to Defendant Boan only, but may proceed as to claims against Defendant Roland. Count III may proceed as alleged against Defendant Boan. Counts IV and VI may proceed as alleged against all Defendants. All claims are against Defendants in their individual capacity only.

It is SO ORDERED this 26th day of August, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw