IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| DEMETRIUS GATLING, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | 5:10-CV-55 (CAR) |
| v. | : | |
| | : | |
| SHANE ROLAND, et al., | : | |
| | : | |
| Defendants. | : | |

_____

### ORDER ON DEFENDANTS' MOTION IN LIMINE

Currently before the Court is Defendants Shane Roland and Jessie Mincey's Motion in Limine. [Doc. 70]. Defendants seek to exclude evidence, testimony and argument in the presence of the jury primarily on the bases of Federal Rules of Evidence 401, 402, and 403. The motion is partially opposed by Plaintiff Demetrius Gatling. Having considered the relevant case law and having heard argument from all parties, the Court rules as follows.

### Discussion

Defendants assert five separate counts in their Motion. At the pretrial conference, the Court addressed each count and **GRANTED** Counts Four and Five. Count Four excludes all testimony and evidence of liability insurance and Count Five

1

excludes all testimony and evidence of claims that have previously dismissed. The Court reserved ruling on Counts One, Two and Three and will accordingly address those remaining issues.

1. **Evidence of Plaintiff's January 16, 2008 complaint against the Middle Georgia Campus Police Department.**

Defendants have asked the Court to bar Plaintiff from introducing any evidence of his January 16, 2008 complaint against the Middle Georgia College Police Department. Defendants' main contention is that the prior complaint is irrelevant to the objective probable cause analysis. Defendants also argue that the link between the two incidents is speculative and tenuous at best; different officers were involved in the January incident and the February arrest, and Defendants assert Plaintiff has yet to produce evidence linking the two. Thus, Defendants argue that the testimony and evidence should be excluded based on Rules 601, 402 and 403 of the Federal Rules of Evidence.

In response, Plaintiff acknowledges that the Fourth Amendment standard for unreasonable searches and arrests is an objective one. However, Plaintiff also asserts that an officer's motive may be relevant to the issue of the officer's credibility in making an arrest. Specifically, Plaintiff cites Graham v. Connor, 490 U.S. 386 (1989) in support. There, the Supreme Court stated, "[o]f course, in assessing the credibility of an officer's

2

account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen." Id. at 399 n. 12.

The Court notes Graham involved an excessive force claim and not a claim for wrongful arrest. Id. In addition, the footnote Plaintiff points to is merely dicta, and in fact, the Supreme Court has held multiple times that an officer's subjective motive or intent is completely irrelevant when determining whether probable cause existed. Whren v. U.S., 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) ("Fourth Amendment reasonableness is predominantly an objective inquiry.") (citations omitted); Arkansas v. Sullivan, 532 U.S. 769, 771 (2001) (court unwilling to "to entertain Fourth Amendment challenges based on the actual motivations of individual officers").

Nevertheless, the Eleventh Circuit has held that an official's state of mind is occasionally relevant in the qualified immunity context. In Walker v. Schwalbe, 112 F.3d 1127, 1132 (11th Cir. 1997), the court held that "where subjective motive or intent is a critical element of the alleged constitutional violation the intent of the government actor is relevant." In Walker, the court was dealing with a First Amendment retaliatory demotion claim, not a Fourth Amendment wrongful arrest claim. Id. Indeed, where

intent is not part of the underlying constitutional violation, the officer's motivation is not part of the analysis. In <u>Durruthy v. Pastor</u>, 351 F.3d 1080, 1088 n. 5 (11th Cir. 2003), the court held that "[The officer's] personal motivation for arresting [plaintiff] is irrelevant to the determination whether she had probable cause." The court also stated that "[t]here is no question that an officer's subjective intent is immaterial when there is an objectively reasonable basis for believing that an offense has occurred." <u>Id.</u>

Courts seem willing to give parties some leeway in considering an officer's subjective intent or motive where the plaintiff alleges (and provides some substantiating evidence) that the officer fabricated probable cause. For example, in <u>House v. Miami-Dade County</u>, No. 09-23064-CIV, 2011 WL 1233465 (S.D. Fla. Jan. 20, 2011), the court denied summary judgment where the arresting officers' testimony was conflicting, and the plaintiff alleged the defendant officers falsely stated on the arrest affidavit that the plaintiff resisted arrest. Similarly, in <u>Brown v. Norris</u>, 819 F. Supp. 2d 1249 (N.D. Ala. 2011), an excessive force case, the court cited <u>Graham v. Connor</u> and allowed evidence of the officer's subjective account of the circumstances leading up to the plaintiff's arrest, as well as evidence that the officer intentionally destroyed a witness's cell phone and the nolle prosequi of the charges against the plaintiff. Finally, in <u>Moran v. Cameron</u>, 362 Fed. Appx. 88 (11th Cir. 2010), the Eleventh Circuit

considered the defendant officers' post-arrest statements in light of the plaintiff's argument that the officers fabricated probable cause for his arrest.

In all these cases, the issue of intent or motive occurred somewhere in close temporal proximity to the arrest itself – e.g., statements the officers made in the arrest affidavit, the officers' actions immediately before or after the arrest, or statements the officers made before the arrest. In addition, in these cases the courts were generally at the summary judgment stage, when they were required to accept the plaintiff's version of the facts. See, e.g., Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004) (fact that officers allegedly smelled marijuana on plaintiff's person but never sought to search vehicle and fact that officers changed information on arrest affidavit after plaintiff passed breathalyzer test raised issues of material fact as to whether officers fabricated probable cause).

Beyond the footnote in Graham, the Court has found little to no case law supporting the admission of Plaintiff's January 2008 complaint. Ultimately, the Court finds the complaint too factually and temporally remote to the February incident and irrelevant to the issue of probable cause. Further, courts have frequently excluded evidence of prior complaints against officers and police departments on the basis of Rule 403 of the Federal Rules of Evidence. See, e.g., Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1991) (evidence of prior complaints by plaintiff "may have had some

probative value in establishing motive for abusing an argumentative arrestee" but probative value "was substantially outweighed by its potential for unfair prejudice"); Mata v. City of Farmington, 798 F. Supp. 2d 1215 (D.N.M. 2011) (evidence of prior and subsequent unrelated incidents involving excessive force excluded on the basis of Rule 403).  Accordingly, Defendants' request to exclude evidence and testimony regarding Plaintiff's January 2008 complaint is **GRANTED.**

2. **Evidence of the Search Warrant for Bodily Fluids and Results of Plaintiff's Blood Test.**

Defendants seek to exclude testimony and evidence regarding: (1) the search warrant sought by Chief Boan for a drug test of the five occupants of the car; (2) the results of those blood tests, and the results of Plaintiff's test in particular; and (3) that the criminal charges were dismissed as a result of Plaintiff's blood test.  Defendants correctly point out that the probable cause inquiry only focuses on what the officers knew at the time of the arrest, not what subsequently happened.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).  Thus, Defendants argue that evidence of the blood tests, which was unavailable to Defendants at the time of arrest, should be excluded under Rules 402 and 403 of the Federal Rules of Evidence.

The Court agrees that the evidence of the warrant, test results, and dismissed charges is irrelevant to the question of whether the officers had probable cause at the

time of the arrest.  Durruthy, 351 F.3d at 1088 (probable cause exists "when facts and circumstances within the officer's knowledge . . . would cause a prudent person to believe that the suspect has committed or is committing an offense").  To the extent Plaintiff attempts to introduce evidence of the blood test and results to show lack of probable cause, Defendants' request to exclude this evidence is **GRANTED.**

However, Plaintiff's alleged damages extend from the date of his arrest and include the events following his arrest.  Thus, evidence and testimony regarding the warrant, blood tests, and results may be admissible on the issue of Plaintiff's damages.  Defendants' request to exclude this evidence as to damages is **DENIED.**  The Court will give the jury a special instruction on the limited use of evidence and testimony regarding the warrant, blood tests, and results.

### 3. Evidence of Plaintiff's voluntary submission of a urinalysis exam.

Finally, Defendants seek to exclude any testimony and evidence of the voluntary urinalysis exam Plaintiff submitted in support of his suspension appeal.  Defendants argue that the urinalysis exam and results are irrelevant to the issue of probable cause.  Plaintiff submits that the test was completed shortly after his arrest and is relevant to his course of conduct in the face of suspension and misdemeanor charges.

This evidence, like the warrant and blood tests, was not available to Defendants at the time of Plaintiff's arrest.  Accordingly, the Court holds that this subsequent

evidence is irrelevant to the question of probable cause, and Defendants' request to exclude testimony and evidence of Plaintiff's voluntary urinalysis exam is **GRANTED.**

## Conclusion

Defendants' Motion in Limine [Doc. 70] is **GRANTED** as to evidence of Plaintiff's January 2008 complaint against the Middle Georgia College police department; **GRANTED in part** and **DENIED in part** as to evidence of the warrant, blood tests, and dismissed charges against Plaintiff; and **GRANTED** as to evidence of Plaintiff's voluntary urinalysis exam.  The Court notes that this Order serves to exclude not only live testimony, but also related portions of Robert Chatmon's deposition, which Plaintiff is to offer in lieu of live testimony.

SO ORDERED, this 7th day of May, 2012.

S/  C. Ashley Royal<br>C. ASHLEY ROYAL, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT

AES