IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DEMETRIUS GATLING,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | 5:10-CV-55 (CAR) |
| v. | : | |
| | : | |
| **SHANE ROLAND, et al.,** | : | |
| | : | |
| Defendants. | : | |

**ORDER**

The above-styled matter is currently set for a jury trial beginning May 14, 2012. At the pretrial conference in this matter, the parties raised and discussed the issues of qualified immunity and probable cause and the proper way to submit these matters to the jury. Having considered the parties' arguments and the relevant case law, the Court determines that special interrogatories will be needed, but the issue of "arguable probable cause" will not be submitted to the jury.

**Discussion[1]**

Qualified immunity completely protects "government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or

---

[1] The facts of this case were outlined in this Court's prior orders and the pretrial order, and the Court will not repeat them here. [Docs. 28 and 61].

1

constitutional rights of which a reasonable person would have known." McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (citation omitted).  There are two prongs to the qualified immunity analysis.  A court must ask whether "the facts alleged show the officer's conduct violated a constitutional right," and "whether the right was clearly established in light of the specific context of the case." Case v. Eslinger, 555 F.3d 1317, 1326 (11th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  The Supreme Court has made it clear that a court deciding the issue of qualified immunity is not bound to consider these questions in any particular order.  Pearson v. Callahan, 555 U.S. 223 (2009).

This Court held Defendants were not entitled to qualified immunity at the summary judgment stage of this action. [Doc. 61].  The Court noted that "it is well settled that a full-scale search and arrest of a person without probable cause violates the suspect's constitutional right to be free from an unreasonable search." [Doc. 61, p. 11]. Noting several issues of material fact regarding the existence of qualified immunity, and the Court determined it was an issue to be decided at trial.

Defendants now intend to revive the defense at trial.  However, the parties now dispute how that issue is to be decided at trial.  It is clear that the applicability of qualified immunity is ultimately a decision for the Court.  Johnson v. Breeden, 280 F.3d 1308, 1318 (11th Cir. 2002) ("the jury itself decides the issues of historical fact that are

determinative of the qualified immunity defense," but it is the court's duty to "apply the law relating to qualified immunity to those historical facts").  In addition, the Court is required to use special interrogatories:

> In a proper case, the use of special jury interrogatories going to the qualified immunity defense is not discretionary with the court.  As we said in Cottrell, "[b]ecause a public official who is put to trial is entitled to have the true facts underlying his qualified immunity defense decided, a timely request for jury interrogatories directed toward such factual issues should be granted."

Id. (citing Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996)).

Although the parties agree that the facts underlying qualified immunity go to the jury, the parties disagree on the issue of "arguable probable cause."  In wrongful arrest cases, arguable probable cause is found "where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest."  Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002).   In some cases, this concept has been formulated as part of the initial prong of the qualified immunity analysis, specifically whether the plaintiff's constitutional rights have been violated.  In this way, "arguable probable cause" has been viewed as a lower standard than probable cause.  See, e.g., Knight v. Jacobson, 300 F.3d 1272, 1274 (11th Cir. 2002) ("An officer sued for having made an arrest without probable cause is entitled to qualified immunity if there was arguable probable cause for the arrest, which is a more lenient standard than probable cause."); Post v. City of Fort Lauderdale, 7 F.3d

3

1552 (11th Cir. 1993) (officers who have mistaken but reasonable probable cause for a search and arrest are still entitled to qualified immunity).  Defendants rely on this concept to argue that the jury should be given very detailed special interrogatories to determine whether Defendants reasonably but mistakenly determined that probable cause existed.

Plaintiff, on the other hand, points to recent case law indicating that "arguable probable cause" is merely another way to formulate the second prong of the qualified immunity analysis, the "clearly established" prong.  <u>Poulakis v. Rogers</u>, 341 Fed. Appx. 523 (11th Cir. 2009); <u>Case</u>, 555 F.3d at 1327.  Specifically, in <u>Poulakis</u>, the court stated that arguable probable cause forms part of the second prong, and the court specifically rejected the argument Defendants make in this case:

> We are not persuaded by the dissent's suggestion . . . that we ought to consider arguable probable cause under the first prong rather than the second prong of the qualified immunity analysis.  Several of our cases . . . have addressed the concept of arguable probable cause under the clearly established, second prong of the qualified immunity analysis.  These cases are controlling.
>
> . . . .
>
> An examination of arguable probable cause makes sense under the second prong because the second prong does not ask whether the Constitution was violated.  Instead, it asks only whether a reasonable officer was given fair and sufficient notice that what he was doing was unlawful under the circumstances.

4

Id. at 527 n. 2.  See also Moran v. Cameron, 362 Fed. Appx. 88, 93 (11th Cir. 2010) ("In wrongful arrest cases, we have defined the 'clearly-established' prong as an 'arguable probable cause' inquiry."); Eloy v. Guillot, 289 Fed. Appx. 339, 343 n.5 (11th Cir. 2008) ("The arguable probable cause standard applies in the 'clearly established law' prong of the qualified immunity analysis.").

It is a court's duty to determine whether the law was clearly established, and thus, because arguable probable cause is part of the second, "clearly established" prong of the qualified immunity analysis, it is not an appropriate subject for the jury.  Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004) ("Given our conclusion that [defendant] had actual probable cause and no constitutional violation occurred, we need not discuss the arguable probable cause doctrine and whether a law enforcement officer reasonably could have believed that probable cause existed for purposes of determining the second prong of the qualified immunity test."); Dixon v. City of Selma, No. 2:10-0478-KD-N, 2011 WL 2681474 (N.D. Ala. Jul. 11, 2011) ("In wrongful arrest cases, the 'clearly established' prong is frequently framed as an 'arguable probable cause' inquiry.").

## Conclusion

Thus, the Court will not submit the question of "arguable probable cause" to the jury, but will provide the jury with special interrogatories on the underlying facts

determinative of the qualified immunity analysis, specifically whether a violation of Plaintiff's Fourth Amendment rights occurred.

SO ORDERED, this 7th day of May, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES